UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THEODORE BRISCOE, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:19-cv-02134-TWP-DML |
| WARDEN, Pendleton Correctional Facility,[1] | ) ) ) |
| Respondent. | ) |

**ORDER GRANTING MOTION TO DISMISS
AND DENYING CERTIFICATE OF APPEALBILITY**

Petitioner Theodore Briscoe was convicted of carrying a handgun without a license with a prior conviction within 15 years, felony resisting law enforcement, and misdemeanor resisting law enforcement in an Indiana state court. Mr. Briscoe now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent filed a motion to dismiss arguing that Mr. Briscoe's claims are procedurally defaulted. Mr. Briscoe responded, the respondent replied, and Mr. Briscoe surreplied. The motion is now ripe for review. For the reasons explained below, the respondent's motion to dismiss, dkt. [8], is **granted**, Mr. Briscoe's petition for a writ of habeas corpus is **denied**, and a certificate of appealability will not issue.

**I. Background**

Federal habeas review requires the Court to "presume that the state court's factual determinations are correct unless the petitioner rebuts the presumption by clear and convincing

---

[1] Pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the only proper respondent in a habeas corpus action is the "state officer who has custody" of the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (proper respondent is warden of facility holding petitioner, not a remote supervisory official). Therefore, **the clerk is directed** to update the docket to substitute the Warden of Pendleton Correctional Facility for the currently named respondent, as shown in the caption of this Order.

evidence." *Perez-Gonzalez v. Lashbrook*, 904 F.3d 557, 562 (7th Cir. 2018); *see* 28 U.S.C. § 2254(e)(1). On direct appeal, the Indiana Supreme Court summarized the relevant facts and procedural history as follows:

> In the evening of February 1, 2016, Officer Matthew Minnis observed a vehicle turn without signaling. He checked the license plate of the vehicle and discovered it was stolen. After calling for backup, Officer Minnis activated his emergency lights and air horn. Instead of stopping, the vehicle accelerated and a high-speed chase ensued through residential areas of northwest Indianapolis.
>
> The chase ended when the vehicle struck a house. Officer Minnis and Officer Craig Solomon helped pull Briscoe out of the car. The officers placed Briscoe on his stomach on the ground. Officer Minnis testified there was nothing on the ground when they placed Briscoe on the ground. Officer Minnis testified Briscoe initially refused to put his hands behind his back, kept his hand "directly under the center of his body towards his belt line[,]" (Tr. Vol. II at 18), and "approximately in 10 or 15 seconds of pulling out his hands we were able to get his hands behind his back, handcuffed him and at that time we rolled him over to search his person and that's where we located the small black handgun[.]" (*Id.* at 17).

*Briscoe v. State*, No. 49A04–1709–CR–2327, 2018 WL 2228118, at *1 (Ind. Ct. App. May 16, 2018).

A jury found Mr. Briscoe guilty of carrying a handgun without a license as a Level 5 felony, resisting law enforcement by use of a vehicle as a Level 6 felony, and resisting law enforcement as a Class A misdemeanor. He was sentenced to an aggregate sentence of eight years.

On direct appeal, Mr. Briscoe challenged the sufficiency of the evidence to support his felony resisting-law-enforcement and handgun convictions. Dkt. 8-2. The Indiana Court of Appeals affirmed his convictions on May 16, 2018. He did not seek transfer to the Indiana Supreme Court. Dkt. 8-3.

Mr. Briscoe filed a petition for post-conviction relief raising six instances of deficient performance by his trial counsel and one instance of deficient performance by his appellate counsel. The post-conviction court denied the petition, and Mr. Briscoe did not appeal.

He filed his present petition for a writ of habeas corpus in this Court on May 29, 2019. Dkt. 1. In his petition, he makes the following claims:

- A conspiracy existed among the trial judge, his trial counsel, and the prosecuting attorney.

- The State exercised racially motivated peremptory challenges in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986).

- The underlying conviction that enhanced his present handgun-carrying conviction "was unconstitutional."

- His trial counsel was ineffective for failing to file a motion to suppress evidence.

- His trial counsel was ineffective for failing to have Briscoe's competency evaluated.

- The caption on a proposed plea agreement was incorrect.

- He is actually innocent of the crimes of which he was convicted.

## II. Applicable Law

Federal habeas corpus relief is available only to petitioners in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). But that is far from the only requirement for habeas relief.

If a petitioner in custody pursuant to a state court judgment raises a claim on federal habeas review without first presenting it through "one complete round of the State's established appellate review process," that claim is procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also see also Hicks v. Hepp*, 871 F.3d 513, 530−31 (7th Cir. 2017). And a petitioner cannot obtain relief on a procedurally defaulted claim without showing either "cause and

prejudice" to excuse the default or "that the court's failure to consider the defaulted claim would result in a fundamental miscarriage of justice." *McDowell v. Lemke*, 737 F.3d 476, 483 (7th Cir. 2013).

### III. Discussion

All of Mr. Briscoe's claims are procedurally defaulted. He did not present any claim for relief through a "complete round" of Indiana's established appellate review process, as he failed to petition for transfer to the Indiana Supreme Court in his direct appeal and failed to present his claims for post-conviction relief at all to the Indiana Court of Appeals. *See Boerckel*, 526 U.S. at 845. Accordingly, his claims are defaulted. *Id.*; *Hicks*, 871 F.3d at 530−31. Mr. Briscoe acknowledges that his claims are procedurally defaulted. Dkt. 10, p. 3. However, he claims that his procedural default should be excused because he is actually innocent and because his appellate attorney performed deficiently when he failed to raise a *Batson* claim on direct appeal.

Although these assertions are difficult to discern in Mr. Briscoe's response, he appears to argue that there was a fingerprint on the gun that was not his. He told his attorney that there was another person with him on the night of the incident, Dohjae Kirkland, and that the fingerprint on the gun would match Mr. Kirkland. His attorney did not pursue this lead. After his conviction, Mr. Briscoe learned that the police had in fact matched the fingerprint on the gun to Mr. Kirkland.

Mr. Briscoe is correct that "a prisoner's proof of actual innocence may provide a gateway for federal habeas review of a procedurally defaulted claim of constitutional error." *McQuiggin v. Perkins*, 569 U.S. 383, 393 (2013) (citing *House v. Bell*, 547 U.S. 518, 537-38 (2006). However, "tenable actual-innocence gateway pleas are rare." *Id.* at 386. To demonstrate actual innocence, a petitioner must show "'that, in light of the new evidence, no juror, acting reasonably, would have

voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298 (1995)).

"'New evidence' in this context does not mean 'newly discovered evidence'; it just means evidence that was not presented at trial. And because an actual-innocence claim 'involves evidence the trial jury did not have before it, the inquiry requires the federal court to assess how reasonable jurors would react to the overall, newly supplemented record.'" *Jones v. Calloway*, 842 F.3d 454, 461 (7th Cir. 2016) (quoting *House*, 547 U.S. at 538). Here, a reasonable jury could still have found Mr. Briscoe guilty of carrying a handgun even though Mr. Kirkland's fingerprint was on the gun, given the other evidence available at trial that police officers found the gun while searching Mr. Briscoe. Mr. Briscoe has failed to meet the actual innocence standard.

Mr. Briscoe's argument that ineffective assistance of appellate counsel is grounds to overcome procedural default also fails. "[I]neffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (emphasis in original). In *Edwards*, the Supreme Court held that a claim of ineffective assistance "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Id.* at 452 (quoting *Murray v. Carrier*, 477 U.S. 478, 489 (1986)).

Although Mr. Briscoe raised his ineffective assistance of appellate counsel claim in his state petition for post-conviction relief, he did not appeal the trial court's denial of his petition and therefore did not present it through "one complete round of the State's established appellate review process." *Boerckel*, 526 U.S. at 845.

Mr. Briscoe cannot overcome procedural default of his claims either through an actual innocence claim or through an unexhausted claim of ineffective assistance of appellate counsel.

For these reasons, the respondent's motion to dismiss, dkt. [8], is **granted** and Mr. Briscoe's petition for a writ of habeas corpus is **denied**. Final judgment consistent with this Order shall now issue.

## IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, the petitioner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a claim is resolved on procedural grounds (such as default), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." No reasonable jurist could dispute that Mr. Briscoe's claims are procedurally defaulted. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

Date: 9/27/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

THEODORE BRISCOE
980988
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Tyler G. Banks
INDIANA ATTORNEY GENERAL
tyler.banks@atg.in.gov